# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2022AP1221-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Mark Austin Cross, Attorney at Law:<br><br>Office of Lawyer Regulation,<br><br>       Complainant,<br><br>   v.<br><br>Mark Austin Cross,<br><br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CROSS

| | |
|---|---|
| OPINION FILED: | February 24, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per curiam. | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2022AP1221-D

STATE OF WISCONSIN    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Mark Austin Cross, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**Mark Austin Cross,**

        **Respondent.**

**FILED**

**FEB 24, 2023**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On July 20, 2022, the Office of Lawyer Regulation (OLR) filed a two-count complaint against Attorney Mark Austin Cross. Count one alleged that by virtue of Attorney Cross's recent 150-day license suspension by the Supreme Court of Oregon, Attorney Cross should be subject to reciprocal discipline in Wisconsin pursuant to Supreme Court Rule (SCR) 22.22. Count two alleged that by failing to notify OLR of his discipline in Oregon within

20 days of its effective date, Attorney Cross violated SCR 22.22 (1).[1]

¶2 On November 2, 2022, this court issued an order directing Attorney Cross to show cause, in writing, by January 16, 2023, why the imposition of discipline identical to that imposed in Oregon would be unwarranted, and of the factual basis for any such claim. Attorney Cross has not responded to this court's order. Accordingly, we find it appropriate to impose discipline reciprocal to that imposed by the Supreme Court of Oregon.

¶3 Attorney Cross was admitted to practice law in Wisconsin in 1973. He was admitted to practice law in Oregon in 1979. His Wisconsin law license was suspended in 1983 for failure to pay State Bar dues and remains suspended. He has no prior disciplinary history in Wisconsin.

¶4 An attorney disciplinary case in Oregon arose out of Attorney Cross's representation of a client in a case where Attorney Cross was paid a $25,000 retainer. The retainer agreement required Attorney Cross to refund any unused portion of the retainer at the conclusion of the matter.

¶5 At the conclusion of the representation, the client asked Attorney Cross for an accounting of the fees earned and a

---

[1] SCR 22.22 (1) states: "An attorney on whom public discipline of misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct."

description of the work performed. Attorney Cross failed to provide that information. Instead, he refunded $10,000 with no explanation for that amount. The client subsequently sued Attorney Cross for an additional $10,000 of the original retainer. Attorney Cross defaulted in that lawsuit, and a money judgment for $10,000 was entered against him.

¶6 The client subsequently submitted a claim to Oregon's Client Security Fund for the $10,000 awarded to the client in the lawsuit, and the fund paid the client $10,000. That payment prompted an investigation by Oregon's Disciplinary Counsel's Office. Attorney Cross ignored the investigation, and his Oregon law license was suspended on March 30, 2021 for his failure to respond to the investigation.

¶7 On June 21, 2021, the Oregon State Bar initiated a disciplinary proceeding against Attorney Cross by filing a formal complaint. Attorney Cross was personally served with the complaint and notice to answer on August 6, 2021.

¶8 The complaint charged Attorney Cross with failure to promptly deliver funds a client is entitled to and failure to render a full accounting at the client's request; failure to take reasonable steps to protect a client upon termination of representation; and failure to respond to inquiries from a regulatory authority.

¶9 On August 24, 2021, Attorney Cross was served with a notice of intent to take default judgment. A motion for default judgment was filed on September 16, 2021. Attorney Cross filed

3

no objection, and an order for default was entered on September 22, 2021.

¶10 On January 10, 2022, a Trial Panel Opinion was issued in the Supreme Court of the State of Oregon ordering the suspension of Attorney Cross's license to practice law in Oregon for 150 days for the alleged violations, effective 30 days from the date the decision became final, which was March 12, 2022. It was further ordered that Attorney Cross reimburse the fund for the $10,000 it paid to the client and that in order to reinstate his Oregon law license, Attorney Cross must undergo a formal reinstatement process.

¶11 Supreme Court Rule 22.22 (3) states as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

c) The misconduct justifies substantially different discipline in this state.

¶12 Attorney Cross failed to respond to this court's November 2, 2022 order to show cause and has not claimed that any of the defenses found in SCR 22.22 (3) apply.

¶13 The OLR asks this court to suspend Attorney Cross's Wisconsin law license for 150 days. It also asks this court to order Attorney Cross to pay the restitution ordered by the

4

Oregon Supreme Court and, despite the fact that the suspension is less than six months, which is the length of suspension that triggers a formal reinstatement proceeding in Wisconsin. See SCR 22.28 (3). OLR asks this court to order that Attorney Cross be required to petition for reinstatement in Wisconsin, as discipline reciprocal to that imposed by the Oregon Supreme Court. We agree with OLR that it is appropriate to impose discipline identical to that imposed by the Supreme Court of Oregon, including requiring Attorney Cross to pay the $10,000 restitution ordered by the Oregon court and requiring him to file a formal petition for reinstatement of his Wisconsin law license.

¶14 IT IS ORDERED that the license of Mark Austin Cross to practice law in Wisconsin is suspended for a period of 150 days, effective the date of this order.

¶15 IT IS FURTHER ORDERED that Mark Austin Cross is ordered to reimburse the Oregon Client Security Fund for its $10,000 payment to Attorney Cross's client.

¶16 IT IS FURTHER ORDERED that Mark Austin Cross shall be required to file a formal petition for reinstatement pursuant to SCR 22.29 in the event he wishes to reinstate his Wisconsin law license.

1